IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DAVID MANUEL ZOLTAR | : | |
| Plaintiff | : | |
| v | : | Civil Action No. WDQ-05-1180 |
| CARMEN AMEDORI, *et al.* | : | |
| Defendants | : | |

. . . . .o0o. . . . .

**MEMORANDUM**

The above-captioned civil rights complaint was filed on May 2, 2005, together with a Motion to Proceed In Forma Pauperis. Because he appears to be indigent, Plaintiff's motion shall be granted. For the reasons below, the complaint must be dismissed.

The complaint concerns Plaintiff's arrest, criminal conviction and subsequent parole revocation. Plaintiff claims that virtually every aspect of his arrest and conviction resulted from: of police misconduct; the use of falsified evidence; ineffective assistance of counsel; and various other constitutional deprivations. It is clear, however, that Plaintiff's conviction has not been overturned. Challenges to the legality of a conviction are not cognizable in a 42 U.S.C. § 1983 action unless and until the conviction is reversed, expunged, invalidated, or impugned. *Heck v. Humphrey*, 512 U. S. 477, 487 (1994) accordingly, claims pertaining to Plaintiff's arrest and conviction will be dismissed without prejudice. Any claims asserted against Judge Matricianni, the trial judge in Plaintiff's criminal case are dismissed with prejudice as they are barred by the doctrine of judicial immunity. *See Forrester v. White*, 484 U.S. 219, 226– 27 (1988) ("If judges were personally liable for erroneous

decisions, the resulting avalanche of suits, most of them frivolous but vexatious, would provide powerful incentives for judges to avoid rendering decisions likely to provoke such suits.").

It is unclear from the Complaint whether the claims regarding Plaintiff's parole revocation hearing have been properly presented to the Maryland courts for review. Those claims involve questions of State law only and are subject to the exhaustion requirement of 28 U.S.C. § 2254(b). Plaintiff must exhaust each claim presented to the federal court by first pursuing remedies available in state court. *See Rose v. Lundy*, 455 U. S. 509, 521 (1982). The claim must be fairly presented to the state courts by presenting both the operative facts and controlling legal principles at issue regarding the revocation of parole. *Baker v. Corcoran*, 220 F.3d 276, 289 (4th Cir. 2000) (citations omitted), *cert. denied*, 121 S. Ct. 1194 (2001). Simply filing a petition with the state court, without permitting the court to hold a hearing or to issue a decision, does not constitute exhaustion. In addition to allowing the state court to decide the issues before it, proper exhaustion also requires that Plaintiff file an application for leave to appeal with the Court of Special Appeals in the event that the decision is not favorable to him. Accordingly, Plaintiff's claims alleging constitutional rights violations occurring during his parole revocation proceeding also will be dismissed without prejudice.

To the extent that the complaint contains additional claims regarding Plaintiff's conditions of confinement which are tangential to Plaintiff's criminal conviction and his parole revocation, those claims also are dismissed without prejudice[1]. Plaintiff is cautioned that should he choose to file another civil

---

[1] The complaint includes 32 pages of allegations against 26 defendants.

rights action that does not implicate the validity of his conviction, the complaint must address only those issues regarding the conditions claimed.

      A separate Order follows.


<u>May 26, 2005</u>                                       <u>      /s/      </u>
Date                                                  William D. Quarles, Jr.
                                                      United States District Judge